## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 7 |
| | : |
| **RTAE, INC. d/b/a** | : BANKRUPTCY NO. 21-11236(PMM) |
| **Reynolds Heating and Air Conditioning** | : |
| | : |
| Debtor | : |
| | : |
| **CHRISTINE C. SHUBERT, in her** | : |
| **capacity as the Chapter 7 Trustee for the** | : |
| **Estate of RTAE, INC. d/b/a Reynolds** | : |
| **Heating and Air Conditioning** | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : ADVERSARY NO. 21-00058(PMM) |
| | : |
| **THE SCHOOL DISTRICT OF LANCASTER** | : |
| | : |
| Defendant | : |
| | : |

## MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR APPROVAL OF A SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN THE TRUSTEE AND THE DEFENDANT PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a)

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of RTAE, Inc. d/b/a

Reynolds Heating and Air Conditioning (the "Debtor"), and The School District of Lancaster

(the "Defendant", and together with the Trustee, the "Parties"), by and through her counsel,

Karalis PC, hereby moves (the "Motion") this Honorable Court for approval of a settlement

agreement and mutual release (the "Agreement") between the Trustee and the Defendant, and in

support thereof, respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3.      The statutory basis for the relief requested herein is 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

## BACKGROUND

### A.      Procedural Background.

4.      On April 30, 2021 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5.      On May 3, 2021, the Trustee was appointed which appointment remains in effect.

### B.      Goods and Services provided by the Debtor to the Defendant.

6.      The Defendant was one of Debtor's customers for whom the Debtor provided goods and services.

7.      Pursuant to a contract with the Defendant, the Debtor agreed to provide goods, services and related work for the Defendant.

8.      The Trustee alleged that the aggregate amount owed to Debtor's estate by the Defendant on account of these goods, services, and related work was $22,340.25 (the "Unpaid Obligations").

### C.      The Adversary Proceeding.

9.      On July 7, 2021, the Trustee initiated an adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against the Defendant at Adversary No. 21-00058(PMM).

10.      The Complaint seeks, *inter alia*, to recover the Unpaid Obligations pursuant to the provisions of 11 U.S.C. § 542 and related relief.

11.     The Defendant has asserted that the Unpaid Obligations do not total the sum of $22,340.25.

12.     The Parties have engaged in settlement discussions and rather than continue with protracted litigation, the Parties now desire to settle, compromise and resolve all claims between and among them in connection to the Adversary Proceeding and the Complaint in accordance with the terms and conditions of the Agreement (collectively, the "Settled Claims"). A true and correct copy of the Agreement is attached hereto as Exhibit "A" and made a part hereof.

## TERMS OF AGREEMENT

13.     The terms and conditions of the Agreement provide, *inter alia*, as follows:

(a)     **Effective Date and Related Matters.**  No later than five (5) business days after the execution and delivery of the Agreement, the Trustee shall file a motion in the Bankruptcy Court (the "Settlement Motion") to approve the Agreement under Fed. R. Bankr. P. 9019 and otherwise applicable bankruptcy law.  This settlement shall be evidenced and implemented by the Agreement, the Settlement Motion, and the "Final Order" approving the Agreement.   "Final Order" shall mean an order entered by the Bankruptcy Court which is unstayed and has become final and non-appealable. The "Effective Date" is a date (i) upon which the order approving this Agreement becomes a Final Order and (ii) the Settlement Amount (as hereinafter defined) has been paid by the Defendant to the Trustee.

(b)     **Settlement Amount.**  Concurrent with the execution of the Agreement, the Defendant shall pay the sum of $18,090.25 to the Trustee (the "Settlement Amount") to resolve the Settled Claims.  The Settlement Amount shall be made payable to "Christine C. Shubert, Chapter 7 Trustee for the Estate of RTAE, Inc." and forwarded directly to Christine C. Shubert, Esquire, 821 Wesley Avenue, Ocean City, NJ 08226.

(c)     **Representations and Warranties.**

i.     Each of the Parties represents and warrants that they have carefully read the Agreement, the contents hereof are known to them, and that the Agreement is executed voluntarily and without duress or undue influence.

3

ii.   Each of the Parties represents and warrants that in executing the Agreement each rely solely upon its own judgment, belief, and knowledge, and on the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims, and that each has not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties or by any person representing them or any of them.

iii.  Each of the Parties represents and warrants that the persons and entities executing the Agreement have the legal authority to do so.

(d)   **No Admission of Liability.** Nothing in the Agreement shall be deemed an admission of liability by any person or entity, whether party to the Agreement or otherwise.

(e)   **Mutual Releases.**

i.   Upon the Effective Date, in consideration of the release provided from the Trustee, the Defendant hereby irrevocably releases, acquits and forever discharges the Debtor's bankruptcy estate, the Trustee, and her agents, attorneys, advisers, consultants, and their successors and assigns from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, execution, and demand of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Defendant has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims or otherwise; provided, however, nothing herein shall be deemed to release or discharge any obligation of the Trustee under the Agreement.

ii.   Upon the Effective Date, in consideration of the payment of the Settlement Amount and the release provided from the Defendant, the Trustee irrevocably releases, acquits and forever discharges the Defendant and its agents, attorneys, advisers, consultants, and their successors and assigns, from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, and execution, of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Trustee has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims or otherwise; provided, however, nothing herein shall be deemed to release or discharge any obligation of the

4

Defendant under the Agreement.

(f)  **Bankruptcy Court Approval.**  The Agreement is contingent upon the entry of a final and non-appealable order of the Bankruptcy Court approving the Agreement.  If the Agreement is not approved by the Bankruptcy Court, the Agreement shall be null and void and made without prejudice to the Parties who shall be returned to their original factual and legal positions.  In addition, if the Agreement is not approved by the Bankruptcy Court, the Trustee shall immediately refund the Settlement Amount to the Defendant.

*See*, Exhibit "A".

14.    The discussion of the terms contained in the Agreement is intended as a summary only and all parties in interest are encouraged to read the Agreement.  To the extent that there are any discrepancies between the summary contained in this Motion and the terms contained in the Agreement, the terms of the Agreement shall control.

## RELIEF REQUESTED AND THE BASIS THEREFOR

15.    Federal Rule of Bankruptcy procedure 9019(a) provides "on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement.  The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See, In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996).

16.    The Trustee seeks approval, pursuant to Bankruptcy Code § 105 and Fed. R. Bankr. P. 9019, of the settlement of the claims among the Parties as set forth in the Agreement.

17.    In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement.  The factors outlined by the Supreme Court in Anderson have been uniformly summarized as follows:

(a)    the probability of success in the litigation;

    (b)     the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;

    (c)     the difficulties, if any, to be encountered in the matter of collection; and

    (d)     the paramount interest of the creditors.

*See*, *Martin*, 91 F.3d at 393; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

18.    Bankruptcy Rule 9019 authorizes this Court to approve the Agreement entered into by the Trustee.  The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate."  *See*, *Louise's*, 211 B.R. at 801.  *See also*, *In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

19.    The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities."  *See*, *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979).  In making its determination, a court is not to substitute its own judgment for that of the debtor.  *See*, *Neshaminy Office Bldg.*, 63 B.R. at 803.  Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute.  *See*, *Grant Broadcasting*, 71 B.R. at 396.  *See also*, *In re A&C Properties*, 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986).  Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness."  *See*, *Neshaminy Office Bldg.*, 62 B.R. at 803, *quoting*, *In re W.T. Grant Co.*, 4 B.R. 53, 69 (S.D.N.Y. 1977).

20.    In the present case, the Agreement falls within the range of reasonableness for purposes of satisfying Fed. R. Bankr. P. 9019 criteria.

21.    Not only would further litigation be costly and time consuming for the Trustee and the Debtor's estate, there are uncertainties in connection with the resolution of these claims including the potential for appeals, which could delay the final determination of these matters for a protracted period of time.

22.    The Trustee believes that, in light of the complexity and the expense of the dispute between the Parties, the Agreement is in the best interest of the Trustee, the Debtor's estate and the creditors.

23.    Specifically, the Settlement Amount is the exact amount of money owed by the Defendant to the Debtor's bankruptcy estate. The Unpaid Obligations included a double invoice in the amount of $4,250.00. As such, the Unpaid Obligations ($22,340.25) minus the double invoice ($4,250.00) equals the Settlement Amount ($18,090.25). The Trustee's Declaration in Support of the Motion is attached hereto as Exhibit "B" and made a part hereof.

## NOTICE

24.    This Motion and Notice of this Motion have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor's counsel; (iii) the Defendant's counsel; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In addition, Notice of this Motion has been provided to all of the Debtor's creditors. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) approving the

Agreement and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**


By: ____/s/ Robert W. Seitzer_____
      Robert W. Seitzer, Esquire
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      rseitzer@karalislaw.com

      *Counsel for the Trustee*

Dated: August 19, 2021